NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

RAYMOND S. GILLIAM, JR., :
:
    Plaintiff, : Civil Action No. 17-1079 (SRC)
:
v. : **OPINION**
:
COMMISSIONER OF SOCIAL :
SECURITY, :
:
    Defendant. :
---

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Raymond S. Gilliam, Jr. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning September 29, 2008. A hearing was held before ALJ Dennis O'Leary (the "ALJ") on May 19, 2016, and the ALJ issued an unfavorable decision on June 20, 2016, finding Plaintiff not disabled during the period at issue. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    This is Plaintiff's second application for benefits. In a previous decision in January of

2012, the Commissioner found Plaintiff to have been disabled as of January 9, 2009. Plaintiff's date last insured is September 30, 2008. On March 3, 2015, Plaintiff filed the present application for a Title II disability claim, alleging disability beginning September 29, 2009. Thus, the period at issue in this appeal is the two-day period beginning September 29, 2009 and ending September 30, 2009. The key issue is: was Plaintiff disabled on his date last insured, September 30, 2008?

In the decision of June 20, 2016, the ALJ made the following findings. The ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform his past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act, prior to the date last insured.

Plaintiff contends that the decision should be reversed on four grounds: 1) the ALJ failed to consider Plaintiff's morbid obesity as required by the Regulations; 2) at step three, the ALJ erred in reviewing Listing level equivalency; 3) at step four, the ALJ failed to explain the basis for his residual functional capacity determination; and 4) at step four, the ALJ erred by failing to consider the disability determination of the Veteran's Administration.

The Court need not reach the first three arguments, because the fourth clearly succeeds. Plaintiff argues that the ALJ failed to consider a determination by the Veteran's Administration

2

that Plaintiff is "70% mentally disabled." (Pl.'s Br. 35.) The Commissioner does not dispute the fact that the ALJ did not consider this evidence, and that the law required the ALJ to consider it. The Commissioner argues, however, that the error was harmless. On this record, this Court is not in a position to determine whether or not the error was harmless. As Plaintiff contends, Third Circuit law requires the ALJ to give such a determination substantial weight:

> Kane notes that the ALJ should have considered the importance of a Veterans Administration determination that he is disabled. Such a determination by another government agency is entitled to substantial weight.

Kane v. Heckler, 776 F.2d 1130, 1135 (3d Cir. 1985). The Commissioner, in opposition, points to all the evidence which supports the ALJ's decision. That evidence does not necessarily make this harmless error. This case must be remanded so that the ALJ can weigh all the evidence, including the VA determination, as well as the evidence that Plaintiff was working as a truck driver on September 30, 2008, and make a disability determination that complies with Third Circuit law.

This Court has reviewed the ALJ's decision and finds that the ALJ erred by failing to consider the Veteran's Administration disability determination. This Court finds that the Commissioner's decision is not supported by substantial evidence and must be vacated and remanded for further proceedings in accordance with this opinion.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

Dated: March 26, 2018